## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAPHNE RODENBAUGH,                    :        No. 3:05cv1444
      **Plaintiff**                    :

                              :        **(Judge Munley)**

      **v.**                    :

                                :

JUDGE JOSEPH M. AUGELLO,              :
      **Defendant**                    :

## MEMORANDUM

Presently before the Court for disposition is Plaintiff Daphne Rodenbaugh's application to proceed *in forma pauperis* ("IFP") (Doc. 2). For the following reasons, we will *sua sponte* dismiss the case pursuant to 28 U.S.C. § 1915(e).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal . . .(iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff alleges that Defendant Joseph Augello "signed an order which denied her second amendment to proceed in forma pauperis." (Pl. Compl. ¶ 3). She alleges that this decision was erroneous and seeks $ 500 thousand in damages pursuant to 42 U.S.C. § 1983 because his decision violated her constitutional rights and rendered her depressed. (Pl. Compl. ¶ 3-4).

We find that Defendant Joseph Augello has absolute judicial immunity from the relief sought. See Stump v. Sparkman, 435 U.S. 349 (1978) (state judge possesses absolute immunity for all judicial acts); Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir.

2000) (observing that "the Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts.") (citations omitted).

A two part inquiry determines whether absolute judicial immunity applies. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. . . .Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 768 (citing Mireles v. Waco, 502 U.S. 9, 11 (1991)).  We find that the decision of whether or not to grant IFP status for the purposes of an appeal is undeniably a judicial determination and is within the jurisdiction of judges of the Court of Common Pleas in Pennsylvania.  See PA. R. APP. PROC. § 551-552 (providing trial judge's with the power to grant or deny IFP status for appeals purposes.).  Therefore, we will dismiss Plaintiff's claim.  See Davis v. Philadelphia County, 195 F. Supp. 2d 686, 688 (sua sponte dismissing a 42 U.S.C. § 1983 claim against a judge pursuant to 28 U.S.C. §1915 because he was entitled to absolute judicial immunity).

**AND NOW**, to wit, this _25th_ day of July 2005, Plaintiff's complaint (Doc. 1) is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  It is hereby **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** solely for the purpose of filing her complaint and the instant application, and is **DENIED** as to any future filings.

BY THE COURT:

**JUDGE JAMES M. MUNLEY**
**United States District Court**

2